In the Matter of BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT No. 1, TOWNS OF CONKLIN, BINGHAMTON, KIRKWOOD and VESTAL, BROOME COUNTY, Respondent, *v.* STATE DIVISION OF HUMAN RIGHTS et al., Appellants.

Third Department, November 8, 1973.

*Henry Spitz* (*Lawrence Kunin* of counsel), for appellants.

*Shaw, Esworthy, O'Brien & Crowley* (*Frank C. Shaw* of counsel), for respondent.

KANE, J. This is an appeal from a judgment of the Supreme Court at Special Term, entered April 6, 1973 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to restrain the New York State Division of

Human Rights from entertaining jurisdiction in a matter involving the dismissal of a probationary teacher pursuant to section 3012 (subd. 1, par. [a]) of the Education Law.

Jane P. Sivers was hired by respondent as a second grade teacher in September, 1970. On March 16, 1972, while on probationary status, she was dismissed by the School Board on the recommendation of the Superintendent of Schools. Thereafter she filed a complaint with the State Division of Human Rights alleging that she had been unlawfully discriminated against because of her religion and national origin. After the Division of Human Rights accepted the complaint and began an investigation, respondent brought the within proceeding to restrain appellants from proceeding with the matter.

A teacher has no vested rights during the probationary period, and service may be discontinued without a hearing and without giving the reasons for the dismissal* (*Matter of Butler* v. *Allen,* 29 A D 2d 799; *Matter of Pinto* v. *Wynstra,* 22 A D 2d 914; *Matter of McMaster* v. *Owens,* 275 App. Div. 506). Unfettered as this power of a board of education may appear (Education Law, § 3012), it is, however, circumscribed by the equal protection clause of our State Constitution (N. Y. Const., art. I, § 11) and subject to the provisions of the Human Rights Law (Executive Law, art. 15, §§ 290–301). To hold that the State Division of Human Rights lacks jurisdiction to hold hearings and review the action of a board of education after a complaint of an alleged discriminatory practice, would be to deny protection to, if not the existence of, the civil rights in question. Previous judicial constructions are consistent with this reasoning (*Matter of Board of Higher Educ. of City of N. Y.* v. *Carter,* 14 N Y 2d 138; *Matter of Board of Educ. of Syracuse City School Dist.* v. *State Div. of Human Rights,* 38 A D 2d 245). Although on a previous occasion this court cast doubt on the jurisdictional power of the Division, the Court of Appeals affirmed on the merits our holding that, if jurisdiction did exist, the record lacked sufficient evidence to find a violation of the Human Rights Law (*Matter of Board of Educ. of City of Albany* v. *State Div.*

---

* An amendment to the Education Law (L. 1972, ch. 866, § 1) added section 3031, effective July 1, 1972, which provides that probationary teachers who are not to be recommended for tenure or who are recommended to be discontinued, must be given at least 30 days' notice of the board meeting at which such acti⸱ is to be considered. Such teacher may then request, in writing, a statement of the reasons supporting the recommendation, and may file a written response thereto. The section further provides that it shall not be construed as modifying existing law with respect to the rights of the boards of education in discontinuing services of probati. ⸱ ary teachers.

*of Human Rights,* 38 A D 2d 657, affd. 30 N Y 2d 925, mot. to clarify den. 31 N Y 2d 662).

Further evidence of the absence of absoluteness of this power to dismiss a probationary teacher, although it is indeed very broad, is demonstrated in the realm of the Public Employment Relations Board which, it has been held, has the authority to act upon an " improper practice " charge filed against a board of education where it was alleged that the board had dismissed five probationary teachers solely because of their activities on behalf of a teachers' association *(Board of Educ., Cent. School Dist. No. 1 of Town of Grand Is.* v. *Helsby,* 37 A D 2d 493, affd. 32 N Y 2d 660; Civil Service Law, art. 14).

On the question of jurisdiction only, therefore, the judgment must be reversed.

The judgment should be reversed, on the law, and petition dismissed, without costs.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and REYNOLDS, JJ., concur.

Judgment reversed, on the law, and petition dismissed, without costs.